IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SAMIR SALEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-289 |
| | ) |
| EVANSTON INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Samir Saleh, by his undersigned attorneys, for his Complaint against Defendant, Evanston Insurance Company, states:

## FACTS

1. Plaintiff, Samir Saleh, is an Indiana citizen, residing at 2957 Angelina Street in Portage, Indiana, and was and is the owner of the building located at 4625 West 5th Avenue in Gary, Indiana ("the building" or "the insured premises").

2. Defendant, Evanston Insurance Company ("Evanston"), is an Illinois citizen, being an Illinois corporation with its principle place of business in Deerfield, Illinois, and was and is engaged in the business of underwriting and issuing property and casualty insurance policies.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this judicial district. Additionally, Evanston does

1

business and/or transacts business in this judicial district and, therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Evanston issued to Plaintiff a commercial insurance policy effective from November 3, 2016 through November 3, 2017 ("the policy" or "the insurance policy", a copy of which is attached to the Complaint as Exhibit A).

6. On or about April 7, 2017, while the policy was in full force and effect, Plaintiff suffered a fire loss at the building ("the fire loss").

7. Plaintiff notified Evanston of the fire loss and submitted a claim under the insurance policy.

## COUNT I
### (Breach of Contract)

8. Plaintiff re-alleges paragraphs 1 through 7 of the Facts of the Complaint as paragraph 8 of count I of the Complaint.

9. Plaintiff has substantially performed all post-loss conditions required by the insurance policy to be performed by him, requested of him, and/or not waived by Evanston, including: giving notice to Evanston of the fire loss; participating in an examination under oath; submitting all documentation requested by Evanston; cooperating with Evanston in its investigation of the claim; and timely suing Evanston.

10. Although requested to do so, Evanston has failed and refused to pay Plaintiff the for the fire loss to the building, which failure and refusal constitutes a breach of the policy.

11. Although requested to do so, Evanston has failed and refused to pay Plaintiff for his damaged business personal property located in the building at the time of the fire loss, which failure and refusal constitutes a breach of the policy.

12. As a direct and proximate result of the breach, Plaintiff has been damaged in an amount in excess of $75,000.

Wherefore, Plaintiff, Samir Saleh, requests that this Court enter judgment in his favor and against Defendant, Evanston Insurance Company, in an amount in excess of $75,000 plus prejudgment interest.

## COUNT II
## (Bad Faith)

12. Plaintiff re-alleges paragraphs 1 through 11 of Count I of the Complaint as paragraph 12 of the Complaint.

13. Evanston has breached its obligation to deal in good faith with Plaintiff in terms of its claim handling in one or more of the following respects in that, without reasonable justification, it: (a) failed to thoroughly, fairly, and objectively investigate Plaintiff's fire loss; (b) failed and refused to pay for the accidental direct physical loss to the building caused by the fire loss; (c) failed and refused to pay for the accidental direct physical loss to the business personal property located in the building caused by the fire loss; (d) failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's fire loss claim; (e) failed to carry out its part of the contractual bargain in good faith, contrary to its claim handling philosophy; (f) took over 14 months to make a claim decision, which is an unreasonable delay; and (g) forced Plaintiff to retain legal counsel to investigate the fire loss and claim and to prosecute this lawsuit to recover all of the benefits that should have been immediately forthcoming under the insurance policy.

Wherefore, Plaintiff, Samir Saleh, prays for an award of compensatory damages, reasonable attorneys' fees, and litigation costs in his favor and against Defendant, Evanston Insurance Company.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

          /s/ Edward Eshoo, Jr.
          Edward Eshoo, Jr.
          Christina M. Phillips
          MERLIN LAW GROUP
          181 West Madison, Suite 3475
          Chicago, Illinois 60602
          Telephone: (312) 260-0806
          Facsimile: (312) 260-0808
          eeshoo@merlinlawgroup.com
          cphillips@merlinlawgroup.com